**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0710-22

KURTIS BOSSIE, a/k/a
FAT BOY, and CURTIS
BOSSIE,

      Appellant,

v.

NEW JERSEY STATE PAROLE
BOARD,

      Respondent.

_____

> Submitted January 23, 2024 – Decided February 28, 2024
>
> Before Judges Mayer and Enright.
>
> On appeal from the New Jersey State Parole Board.
>
> Kurtis Bossie, appellant pro se.
>
> Matthew J. Platkin, Attorney General, attorney for respondent (Sara M. Gregory, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Kurtis Bossie challenges a September 22, 2022 final agency decision by the New Jersey State Parole Board (Board) denying him parole and imposing an eighteen-month future eligibility term (FET). We affirm.

In February 2016, Bossie pleaded guilty to first-degree conspiracy to commit racketeering, N.J.S.A. 2C:41-2(d), and first-degree carjacking, N.J.S.A. 2C:15-2(a)(1). The following month, Bossie was sentenced to an aggregate term of eighteen years, with a parole ineligibility period of eight years and six months. He is currently serving his sentence through a residential community release program.

Bossie became eligible for parole on his first-degree offenses in August 2022. The Board held an initial hearing on June 9, 2022, and referred the matter to a Board panel. On June 30, 2022, a two-member board panel denied Bossie's request for parole and established an eighteen-month FET. In finding there was a reasonable likelihood Bossie would violate conditions of his parole if released, the panel cited: the facts and circumstances of the carjacking offense; his prior criminal record; nature of criminal record increasingly more serious; committed to incarceration for multiple offenses; prior opportunity on probation; commission of a new offense while on probation but status not formally revoked; prior opportunity on probation failed to deter criminal behavior; insufficient

problem resolution, including lack of insight into criminal behavior, minimization of conduct and failure to sufficiently address a substance abuse problem; commission of current offense while on bail; and the results of an objective risk assessment evaluation indicating a "medium" risk of recidivism.

The panel also acknowledged the following mitigating factors: Bossie's infraction-free status; participation in programs specific to behavior; participation in institutional programs; favorable institutional adjustment; attempts to enroll and participation in programs but not admitted; positive adjustment to Assessment Center and Residential Community Release Program; and minimum custody status achieved and maintained.

Bossie appealed from the two-member panel's decision. On September 22, 2022, the full Board affirmed the two-member panel's decision to deny parole and impose an eighteen-month FET. In its thorough written opinion, the Board addressed each of Bossie's contentions and concluded it "concur[red] with the determination of the Board panel that a preponderance of the evidence indicate[d] . . . there [wa]s a reasonable expectation that [Bossie] would violate the conditions of parole if released on parole at th[at] time."

On appeal, Bossie argues "[t]he decisions to deny parole and impose a[n FET] were arbitrary and capricious, given [Bossie] . . . maximized his rehabilitation efforts while incarcerated."

Our review of final decisions of the Board is limited. Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 93 (App. Div. 2018). The Board's decisions, like those of other administrative agencies, will not be reversed unless they are "arbitrary, capricious or unreasonable or [are] not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980). This limited review of parole determinations accords agency action a presumption of validity and reasonableness. In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993). The burden is on the challenging party to show the Board's actions were unreasonable. Bowden v. Bayside State Prison, 268 N.J. Super. 301, 304-05 (App. Div. 1993).

Per N.J.S.A. 30:4-123.53(a), the Board should generally grant parole requests for release on an inmate's parole date unless it can be shown by a preponderance of the evidence there is an indication the inmate failed to cooperate in his or her rehabilitation or there is a "reasonable expectation that the inmate will violate conditions of parole." In making its parole determination,

4

the Board must consider the factors enumerated in N.J.A.C. 10A:71-3.11(b)(1)-(24).

Here, in assessing whether Bossie should be released on parole, the Board considered various aggravating and mitigating factors. It noted Bossie's criminal history and found his prior experiences with the probation system did not deter him from committing additional offenses. Further, the Board found he was "in the beginning stages of understanding his poor criminal decision-making and choices on the street with his lifestyle," and "more programs might help him."

Thus, the Board considered the appropriate factors in rendering its parole decision. Further, there is sufficient evidence in the record supporting the reasons the Board gave to deny parole. Additionally, because the Board found the record demonstrated a potential for recidivism, it was well within its discretion to deny Bossie parole. Therefore, we are persuaded the Board's decision was not arbitrary or capricious, and we affirm substantially for the reasons expressed by the Board in its cogent decision.

Any remaining arguments advanced by Bossie lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-0710-22